## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No. 18-cr |
| v. | VIOLATION: |
| **PHILLIP M. DEANS,** | 18 U.S.C. § 1349 |
| Defendant. | (Conspiracy to Commit Bank Fraud) |
| | FORFEITURE: |
| | 18 U.S.C. § 982(a)(2)(A); 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE
### (Conspiracy to Commit Bank Fraud)

At times material to this Information:

### Background

1. Defendant Phillip M. Deans resided in New York.

2. Co-Conspirator Krishna Jannor-John Marsh was an acquaintance of Defendant Deans.

3. On or about February 27, 2017, Co-Conspirator A began working for Capital One as a Universal Branch Associate. Co-Conspirator A was assigned to the branch located at 85 H Street NW, Washington, D.C. Co-Conspirator A's primary responsibility was to process customer transactions in the teller line. Co-Conspirator A also opened accounts, issued debit cards, and processed wires.

4. Capital One Bank (Capital One) was a financial institution, within the meaning of Title 18, United States Code, Section 20(1). It was insured by the Federal Deposit Insurance Corporation.

### The Conspiracy

5. From in or about May 2017 to at least August 2017, within the District of Columbia and elsewhere, Defendant Deans, Marsh, and Co-Conspirator A, and others known and unknown to the United States Attorney's Office, knowingly and willfully conspired to commit an offense under Chapter 63 of Title 18 of the United States Code, that offense being Bank Fraud, in violation of Title 18, United States Code, Section 1344.

### The Purpose of the Conspiracy

6. The purpose of the conspiracy was for the conspirators to unlawfully enrich themselves by fraudulently obtaining funds from Capital One and Capital One account holders.

### The Manner and Means of the Scheme

7. It was a part of the conspiracy that Co-Conspirator A accessed Capital One account holders' personal identifying information for no legitimate business purpose.

8. It was a further part of the conspiracy that Co-Conspirator A provided the personal identifying information to other conspirators.

9. It was a further part of the conspiracy that conspirators, posing as Capital One account holders, entered the Capital One branch where Co-Conspirator A worked and other Capital One branches. They presented counterfeit identification in the names of the account holders and conducted or attempted to conduct fraudulent transactions.

10. It was a further part of the conspiracy that conspirators, including Defendant Deans and Marsh, purchased the counterfeit identification used in the fraudulent transactions and attempted fraudulent transactions.

11. It was a further part of the conspiracy that conspirators opened fictitious accounts at other financial institutions, including SunTrust Bank (SunTrust), Branch Bank and Trust (BB&T), and Wells Fargo Bank (Wells Fargo).

12. It was a further part of the conspiracy that conspirators wired funds and deposited checks from the compromised Capital One accounts into these fictitious accounts.

13. It was a further part of the conspiracy that conspirators then withdrew funds from the fictitious accounts.

**(Conspiracy to Commit Bank Fraud,
in violation of Title 18, United States Code, Section 1349)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense in Count One, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offense. The United States will seek a forfeiture money judgment against the defendant in the amount of $23,100.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e.  has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 21, United States Code, Section 853(p))**

JESSIE K. LIU
United States Attorney
for the District of Columbia
D.C. Bar No. 472845

By: _____
ANTHONY SALER
D.C. Bar No. 448254
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
202.252.6971
Anthony.Saler@usdoj.gov